

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 8, 1957

Senator Jep S. Fuller
The Senate of the State of Texas
Austin, Texas

Opinion No. WW-57

Re: Significance of the word
"paramount" as shown on
Page 2 of the committee
substitute for Senate
Bill 100.

Dear Senator Fuller:

Your request for an opinion of this office in your letter of February 21, 1957, on the above subject matter is in part as follows:

"I am submitting herewith the committee substitute for Senate Bill 100.

"The Transportation Committee directed me, as chairman, to refer this bill to your Department for a ruling on the significance of the word 'paramount' on page 2 of the Committee Substitute for Senate Bill 100."

The part of the committee substitute for Senate Bill 100 pertinent to your inquiry is as follows:

"2. It shall be the duty of the Commissioners to see that upon each railroad in this State carrying passengers for hire there shall be run at least one train each day, Sundays excepted, upon which passengers shall be hauled; provided, however, the Commission may, in its discretion, upon application filed and after notice and hearing, relax such requirement as to any railroad, or part, portion or branch thereof, when, (1) in its opinion, public convenience permits of such relaxation, and shall relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public; and, when, (2) in its opinion, that on any railroad, or part, or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered and reasonably to be expected, does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service; provided, however, that the public convenience and the adequacy of the service to the public shall always be a paramount consideration in determining whether or not the requirement of operating

at least one train a day shall be relaxed because the cost
of such service is not yielding a reasonable return upon
the property employed in the rendition of such service;
. . ."

Article 10, Section 1, Vernon's Civil Statutes, directs that
in the construction of all civil statutory enactments "the ordinary sig-
nification shall be applied to words, except words of art or words con-
nected with a particular trade or subject matter, when they shall have
the signification attached to them by experts in such art or trade, with
reference to such subject matter." Since the word "paramount" is not
a word of art or a word connected with a particular trade or subject
matter, the ordinary signification must be applied.

The term "paramount" is defined as follows:

"Adj. Having a higher or the highest rank or juris-
diction; superior to all others; chief; supreme; preemi-
nent -- often with to; as, a duty paramount to all. Syn.
-- see dominant." Webster's New International Dictionary,
Second Edition, Page 1773.

"1. Possessing or pertaining to the highest title or
jurisdiction; supreme in authority; as a paramount chief;
paramount rule. 2. Possessing the highest degree of im-
portance; superior to all others; supremely controlling;
as paramount obligations; a paramount necessity. 3. Su-
perior; higher: used prepositionally. Sny. Chief, emi-
nent, foremost, preeminent, principal, superior, supreme."
Funk and Wagnell's New Standard Dictionary of the English
Language, Page 1792.

"Higher; superior; preeminent; of the highest rank
or nature. It is a word frequently used in ordinary life,
and having no technical or legal significance calling for
a discrimination in the niceties of the meaning involved
in the different ideas that may be drawn from a given situ-
ation." Volume 67 of Corpus Juris Secundum, Page 558.

The writer has carefully checked and has found no Texas Court
decision construing the word "paramount". Some courts in other juris-
dictions have judicially defined the word according to information sta-
ted in Words and Phrases, Permanent Edition, Volume 31, Page 53 and 1956
Pocket Parts. These judicial definitions conform with the above diction-
ary and encyclopedia definitions.

It is clear that the word "paramount" given its ordinary sig-
nification refers to something that is superior; higher; preeminent;
above all; of highest rank or nature. This necessarily conveys the idea
that the consideration of the public convenience and the adequacy of

the service to the public shall be a superior consideration as compared with the consideration of the cost of operation when the commission is seeking to determine whether or not to relax the requirement of operating at least one train a day.

We are of the opinion, however, that the above mentioned proviso which contains the word "paramount" is, in effect, meaningless for the following reasons:

Article 6479, sought to be amended, provided that the Railroad Commission could relax in the requirement of running at least one passenger train each day "when, in its opinion, public convenience permits of such relaxation and shall relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public, or that on any railroad or part or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered or reasonably to be expected does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service."

Under the proposed bill, the words "and, when (2) in its opinion" has been substituted for the word "or" which is underlined above, so that under the proposed bill the Railroad Commission before it permits the relaxation of service must find (1) that public convenience permits of such relaxation and that the running of one train each day, except Sunday, is not necessary in the rendition of adequate service to the public; and also must find (2) that the passenger traffic offered and reasonably to be expected does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service.

If the Railroad Commission must make affirmative findings on both of these issues, it appears to be immaterial which shall be given paramount consideration. Affirmative findings must be made on each issue and if an affirmative finding on each issue is required, it is wholly immaterial which the Commission considers of greatest importance.

A serious constitutional question will be presented if the Railway is deprived of an opportunity to discontinue service where there is a showing that the passenger traffic offered and reasonably to be

expected does not and will not pay the cost of such service plus a reasonable return.[1]

## SUMMARY

The word "paramount" as used on page 2 of the Committee Substitute for Senate Bill 100 conveys the idea that the consideration of the public convenience and the adequacy of the service to the public shall be a superior consideration as compared with the consideration of the cost of operation when the commission is seeking to determine whether or not to relax the requirement of operating at least one passenger train a day. However, the Bill proviso which contains the word "paramount" is, in effect, meaningless, and a serious constitutional question will result if the Railroad is not permitted to discontinue passenger service where there is a showing that the passenger traffic offered and reasonably to be expected does not and will not pay the cost of such service plus a reasonable return.

Very truly yours,

WILL WILSON
Attorney General

By Edward A. Cazares
Assistant

EAC:lm

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

---

1. Texas Constitution, Art. 1.
   Sec. 17. No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof.
   Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.